# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **Mentone Solutions LLC,** | Case No. _____ |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Blu Products, Inc.,** | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Mentone Solutions LLC ("Mentone"), through its attorneys, complains of Blu Products, Inc. ("Blu Products"), and alleges the following:

### PARTIES

1. Plaintiff Mentone Solutions LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 15922 Eldorado Pkwy, Suite 500-1534, Frisco, Texas 75035.

2. Defendant Blu Products, Inc. is a corporation organized and existing under the laws of Florida that maintains its principal place of business at 10814 Nw 33rd Street Suite 100, Doral, FL 33172.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Mentone has suffered harm in this district.

## PATENT-IN-SUIT

7. Mentone is the assignee of all right, title and interest in United States Patent No. 6,952,413 (the "'413 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Mentone possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### The '413 Patent

8. The '413 Patent is entitled "Extended dynamic resource allocation in packet data transfer," and issued 10/4/2005. The application leading to the '413 Patent was filed on 2/27/2004. A true and correct copy of the '413 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '413 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '413 PATENT

10. Mentone incorporates the above paragraphs herein by reference.

11. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '413 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Blu Products's Studio XL LTE (among the "Exemplary Blu Products Products") that infringe at least exemplary claims 5 of the '413 Patent (the "Exemplary '413 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '413 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '413 Patent Claims, by having its employees internally test and use these Exemplary Products.

13. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

14. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '413 Patent. On information and belief, Defendant has also continued to sell the Exemplary Blu Products Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '413 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '413 Patent.

15. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '413 Patent, literally or by the doctrine of equivalents, by selling Exemplary Blu Products Products to their customers for use in end-user products in a manner that infringes one or more claims of the '413 Patent.

16. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '413 Patent, literally or by the doctrine of equivalents, by selling Exemplary Blu Products Products to their customers for use in end-user products in a manner that infringes one or more claims of the '413 Patent. Moreover, the Exemplary Blu Products Products are not a staple article of commerce suitable for substantial noninfringing use.

17. Exhibit 2 includes charts comparing the Exemplary '413 Patent Claims to the Exemplary Blu Products Products. As set forth in these charts, the Exemplary Blu Products Products practice the technology claimed by the '413 Patent. Accordingly, the Exemplary Blu Products Products incorporated in these charts satisfy all elements of the Exemplary '413 Patent Claims.

18. Mentone therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

19. Mentone is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

20. Under Rule 38(b) of the Federal Rules of Civil Procedure, Mentone respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Mentone respectfully requests the following relief:

A. A judgment that the '413 Patent is valid and enforceable;

B. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '413 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Mentone all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patent-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Mentone for Defendant's infringement, an accounting:

  i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Mentone be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

  ii. that Mentone be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii. that Mentone be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: October 29, 2019                    Respectfully submitted,

Isaac Rabicoff                              /*s/ Howard L. Wernow*
(*Pro Hac Vice admission forthcoming*)      Howard L. Wernow B.C.S.
**Rabicoff Law LLC**                        Florida Bar No.: 107560
73 W Monroe St                              Sand, Sebolt & Wernow Co., LPA
Chicago, IL 60603                           4940 Munson Street NW
(773) 669-4590                              Aegis Tower - Suite 1100
isaac@rabilaw.com                           Canton, OH 44718
                                            Phone: 330-244-1174
                                            Fax: 330-244-1173
                                            Email: howard.wernow@sswip.com

                                            *Board Certified in Intellectual Property Law*
                                            *By the Florida Bar*

                                            **Counsel for Plaintiff**
                                            **Mentone Solutions LLC**

5